Francon **HUGHES** and Suzanne Hughes, h/w, Plaintiffs,

v.

George E. **CARUSO** and Gerald Caruso, Defendants.

Civ. A. No. 93–CV–5419.

United States District Court, E.D. Pennsylvania.

Feb. 2, 1994.

Harry J. Glosser, Jr., Morrisville, PA, for plaintiffs.

James J. Kutz, Eckert, Seamans, Cherin & Mellott, Harrisburg, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendant Gerald Caruso has filed a Motion to Dismiss based upon lack of personal jurisdiction and failure to state a claim upon which relief can be granted. Plaintiffs have not filed a response. Because the motion is uncontested[1] and because plaintiffs have failed to meet their burden of establishing personal jurisdiction, we will grant the motion.

Personal jurisdiction is established if the defendant has "purposefully directed his activities at the residents of the forum," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985), or if the defendant's "conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Once a defendant raises the issue of personal jurisdiction, the plaintiff bears the burden of proving, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction. *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992), *citing, Time Share Vacation v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 65 (3d Cir.1984).

Defendant Gerald Caruso asserts that this Court cannot exercise personal jurisdiction over him. He claims that the only relationship between himself and the Commonwealth of Pennsylvania is that his automobile was present in Pennsylvania and involved in an accident with the plaintiffs. Defendant Gerald Caruso claims he was not involved in the alleged tortious conduct, was not in Pennsylvania at the time of the accident, did not have any business contacts in Pennsylvania, and has not invoked the benefits and protections of the laws of Pennsylvania. Thus, the burden shifts to the plaintiffs to prove facts sufficient to establish personal jurisdiction over Defendant Gerald Caruso.

Obviously, the plaintiffs, who have not responded to the motion, have failed to meet their burden. No facts establishing personal jurisdiction have been proved.

Given that we are granting Defendant Gerald Caruso's motion for lack of personal jurisdiction, we need not reach the issue of failure to state a claim.

An appropriate order follows.

## ORDER

AND NOW, this 2nd day of February, 1994, it is hereby ORDERED that Defendant Gerald Caruso's Motion to Dismiss is GRANTED for the reasons set forth in the preceding Memorandum Opinion and this case is DISMISSED against him.

---

1. Local Rule 20(c) provides that "any party opposing [a] motion shall serve a brief ... within ten days [13 if the motion was mailed] after service of the motion and supporting brief," and that "[i]n the absence of timely response, the motion may be treated as uncontested." To date, Plaintiffs have not responded to Defendant Gerald Caruso's December 10, 1993 motion to dismiss. Thus, we will consider the motion uncontested.